# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALLEN GOREE, III, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                                             **NO. 18-540-BAJ-EWD**

**ANTHONY STIGGERS, ET AL.**

## ORDER

Before the Court is a Complaint for Damages filed by Allen Goree, III and Joey Goree (collectively, "Plaintiffs").[1] In the Complaint, Plaintiffs assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Complaint contains the following allegations regarding the citizenship of the parties:

> 1. Petitioners, Allen Goree, III, and Joey Goree are persons of the full age of majority and domiciliaries of West Baton Rouge Parish, State of Louisiana.
> 2. At all pertinent times, petitioners were domiciled in Port Allen, Louisiana and were citizens of West Baton Rouge Parish in the State of Louisiana, which is located within the district of the United States District Court for the Middle District of Louisiana.
> 3. Defendant, Anthony Stiggers is, upon information and belief, a person of the full age of majority and domiciliary of Los Angeles County, State of California.
> 4. Robert Heath Trucking, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.
> 5. Upon information and belief, Robert Heath Trucking, Inc. regularly conducts business within the State of Louisiana and within the Middle District of Louisiana.
> 6. Great West Casualty Company is a foreign insurance company

---

[1] R. Doc. 1.
[2] *Id.* at ¶ 7.

authorized to do and doing business in the State of Louisiana and within the Middle District of Louisiana.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has not been adequately alleged. Although the citizenship of Allen Goree, III, Joey Goree, Anthony Stiggers and Robert Health Trucking, Inc. has been adequately alleged,[4] the citizenship of Great West Casualty Company ("Great West") has not been adequately alleged. The Complaint fails to specify what form of entity Great West is, alleging only that it is "a foreign insurance company authorized to do and doing business in the State of Louisiana."[5] If Great West is a corporation, Plaintiffs must allege the entity's place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, Great West is an unincorporated association or a limited liability company, Plaintiffs must allege the name and domicile of each member of the entity. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have seven (7) days from the date of this Order to file a comprehensive amended Complaint (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. §

---

[3] *Id*. at ¶¶ 1-6.
[4] With respect to the Plaintiffs and Stiggers, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Robert Health Trucking, Inc., the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[5] R. Doc. 1 at ¶ 6.

1332(a), which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on May 10, 2018.

                                               **ERIN WILDER-DOOMES**
                                               **UNITED STATES MAGISTRATE JUDGE**